# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 23, 2013

## STATE OF TENNESSEE v. GARY S. HOLMAN

**Direct Appeal from the Criminal Court for Knox County**
**No. 92152B      Jon Kerry Blackwood, Judge**

---

**No. E2012-01143-CCA-R3-CD - Filed January 27, 2014**

---

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

Although I agree with most of the conclusions set forth in the majority opinion, in my view, the trial court's failure to instruct the jury properly pursuant to State v. White, 362 S.W.3d 559 (Tenn. 2012), constitutes plain error. Therefore, I would reverse the defendant's conviction for false imprisonment and remand the case to the trial court for a new trial as to that offense.

The majority concludes that the defendant's conviction for the false imprisonment of Mrs. Graves does not implicate due process because the named victim of the aggravated robbery was Mr. Graves. Thus, there was no accompanying felony. However, our supreme court never said in the Anthony/Dixon/White line of cases that the fact that the victim of the kidnapping was different than the named victim of the accompanying felony eliminated the need for due process analysis. State v. Josh L. Bowman, No. E2012-00923-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 735, at *44 (Jackson, Aug. 29, 2013). As Judge Witt recently pointed out in his dissent in Ricco R. Williams,

> [a]lthough . . . the thrust of White and State v. Terrance Antonio Cecil, 409 S.W.3d 599 (Tenn. 2013), is to diminish the ambit of due process concerns relative to kidnapping (or false imprisonment) convictions, . . . nothing other than the highlight of the 'standing alone' language . . . has changed the rule so as to require as a function of due process principles that the kidnapping victim be also a victim of the accompanying felony.

No. W2011-02365-CCA-RM-CD, 2014 Tenn. Crim. App. LEXIS 11, at *34 (Jackson, Jan. 7, 2014) (Witt, J., dissenting); see also State v. Jerome Maurice Teats, No.

M2012-01232-CCA-R3-CD, 2014 Tenn. Crim. App. LEXIS 18, at \*90 (Nashville, Dec. 20, 2014) (Tipton, J., dissenting) (stating that "[a]lthough the supreme court altered in <u>White</u> how the question of whether a kidnapping is incidental to another felony is to be resolved, it did not alter the rationale in <u>Anthony</u> regarding the circumstances in which the due process protection arises").

Given that the defendant's and Bowman's confinement of Mrs. Graves occurred during the accompanying robbery of Mr. Graves, that the confinement was limited to the living room during the entire robbery, and that the confinement ended as soon as the defendant exercised control of the safe, I believe that whether the defendant's confinement of Mrs. Graves was essentially incidental to the accompanying aggravated robbery was subject to different interpretations by the jury. Therefore, I would conclude that the trial court's failure to instruct the jury properly pursuant to <u>White</u> constitutes plain error, reverse the defendant's false imprisonment conviction, and remand the case for a new trial on that charge.

_____

NORMA McGEE OGLE, JUDGE